CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 04, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ M. Poff**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT KENNETH HILL, | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:26-cv-00222 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DUFFIELD REGIONAL JAIL, | ) | Chief United States District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Robert Kenneth Hill, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1, Compl.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes Hill's complaint must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Hill alleges that he "tried numerous time to get credit time Im missing, added to my update. Records will not help get the missing 33 days credited to my update sheet." (Compl. 2.)

As relief, Hill asks that the credit be applied to his update sheet. (*Id.* at 3.)

This action must be dismissed because Hill has sued the Duffield Regional Jail, which is not a suable entity. *See Napier v. Ohai*, Case No. 7:23-cv-00098, 2025 WL 2779900, at *3 (W.D. Va. Sept. 26, 2025) (collecting cases holding that jails are not subject to suit under § 1983). Further, to the extent that Hill is attempting to shorten the length of his sentence, a § 1983 action is not the correct vehicle for such a pursuit. A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (summarizing the distinctions between § 1983 and habeas actions).

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

Entered: June 3, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge